UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GRACIELA TOBON,

          Plaintiff,

vs.

SILVERADO REAL ESTATE, LLC;
CONAM MANAGEMENT CORPORATION;

          Defendants.

Case No.: 2:15-cv-00343-GMN-CWH

**ORDER**

Pending before the Court is the Motion for Summary Judgement filed by Defendants Silverado Real Estate, LLC and ConAm Management Corporation ("Defendants"). (ECF No. 32). Plaintiff Graciela Tobon ("Plaintiff") filed a response, (ECF No. 39), and Defendants filed a reply, (ECF No. 41).[1] For the reasons discussed below, Defendants' Motion for Summary Judgement is **DENIED**.

**I.  BACKGROUND**

This case arises out of a trip and fall accident that occurred at Silverado Village Apartments in the evening on March 1, 2013. (*See* Compl. ¶ 8, Ex. A to Not. of Removal, ECF No. 1). While searching for her friend's apartment, Plaintiff fell over a concrete parking stopper located near the sidewalk. (Pl.'s Dep. 19:7–18, Ex. B to Defs.' MSJ, ECF No. 32-2). According to Defendants, the concrete stopper was intended to prevent people from parking in the pedestrian walkway. (Defs.' MSJ 2:20–23).

On January 29, 2015, Plaintiff filed her Complaint in state court asserting a claim of negligence for the dangerous placement of the parking stopper. (*See* Compl.). Defendant

---

[1] In addition, Plaintiffs filed a Motion for Additional Discovery, (ECF No. 40). For good cause appearing, the Court grants this motion and considers Plaintiff's deposition of Dennis Erickson, (ECF No. 43).

ConAm Management Corporation subsequently removed the action to this Court on February 26, 2015. (Not. of Removal, ECF No. 1). On January 29, 2016, Defendants filed the instant Motion for Summary Judgment. (ECF No. 32).

## II.      LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.  DISCUSSION

To establish a claim of negligence, Plaintiff must demonstrate that: (1) Defendants owed Plaintiff a duty of care; (2) Defendants breached that duty; (3) Defendants' breach of duty was a legal cause of Plaintiff's injuries; and (4) Plaintiff suffered damages. *See DeBoer v. Sr.*

*Bridges of Sparks Fam. Hosp.*, 282 P.3d 727, 732 (Nev. 2012).  In general, "[c]ourts often are reluctant to grant summary judgement in negligence actions because whether a defendant was negligent is generally a question of fact for the jury to resolve." *Harrington v. Syufy Enters.*, 931 P.2d 1378, 1380 (Nev. 1997).

Defendants argue in their Motion for Summary Judgement that "[t]he undisputed facts show that Plaintiff cannot establish that Defendants' placement of the concrete parking stopper was a dangerous condition." (Defs.' MSJ 9:18–19).  The Court does not agree with this characterization of the evidence.  To the contrary, the Court finds that Plaintiff has raised genuine issues of material fact as to the reasonableness of the parking stopper's location near the pedestrian walkway, the sufficiency of the lighting near the parking stopper at the time of the injury, and Defendants' knowledge of any prior incidents resulting from these conditions.

Defendants further argue that even if the parking stopper constituted a dangerous condition, "Plaintiff has not presented any evidence that Defendants had notice that the concrete parking stopper constituted a dangerous condition and failed to remedy it or warn of its presence." (*Id.* 11:11–13).  When an unsafe condition is created by an owner or employee operating within the scope of employment, the injured party does not need to prove the owner's notice of the condition's dangerousness. *See Wagon Wheel Saloon & Gambling Hall, Inc. v. Mavrogan*, 369 P.2d 688, 690 (1962).  Such notice is considered "imputed to the owner." *Id.* Here, Defendants do not dispute placing the parking stopper near the pedestrian sidewalk. (*See* Defs.' MSJ 8:13–14).  Accordingly, notice as to the parking stopper's alleged dangerousness is not a required element to establish Plaintiff's negligence claim.

Lastly, Defendants argue that "Plaintiff cannot recover for any of her damages because Plaintiff's injuries are more attributable to her failure to watch where she was walking than any actions or inactions of Defendants." (*Id.* 12:6–8).  Comparative negligence bars recovery only when the plaintiff's negligence exceeds the negligence of the defendant. *See Anderson v.*

*Baltrusaitis*, 944 P.2d 797, 800 (1997).  In Nevada, a party's comparative negligence is predominantly a question of fact. *See id.*  It becomes a question of law only when the evidence is of such a character as to support no other legitimate inference. *Id*; *see also Mavrogan*, 369 P.2d at 689.  Given factors like the time of day and allegedly unexpected location of the parking stopper, a jury could reasonably infer that Plaintiff was less negligent than Defendants. Accordingly, Defendants are not entitled to summary judgement on the issue of negligence liability.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgement, (ECF No. 32), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Additional Discovery, (ECF No. 40), is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall file a Joint Pretrial Order by November 1, 2016.

**DATED** this __27__ day of September, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge